IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JONATHAN D. WILLIAMS** | : | |
| 7701 CREFELD STREET | : | |
| PHILADELPHIA, PA 19118 | : | **JURY TRIAL DEMANDED** |
| **Plaintiff** | : | |
| v. | : | No. |
| | : | |
| **CITY OF PHILADELPHIA** | : | |
| 1515 ARCH STREET, 15TH FLOOR | : | |
| PHILADELPHIA, PA 19102 | : | |
| AND | : | |
| **LT. MICHAEL R. FRISCO** | : | |
| 1515 ARCH STREET, 15TH FLOOR | : | |
| PHILADELPHIA, PA 19102 | : | |
| AND | : | |
| **JOHN/JANE DOE** | : | |
| **POLICE OFFICERS 1-10** | : | |
| 1515 ARCH STREET, 15TH FLOOR | : | |
| PHILADELPHIA, PA 19102 | : | |
| **Defendants** | : | |

## COMPLAINT

I. **Introduction**

1. This is an action for damages brought pursuant to 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution against Defendants City of Philadelphia, Lt. Michael R. Frisco, and John Doe Police Officers 1-10 in their individual capacities as a result of the use of excessive force by the defendants in Philadelphia, Pennsylvania on July 15, 2022.

II. **Jurisdiction and Venue**

2. This Court has jurisdiction over the claims brought under § 1983 under 28 U.S.C. §§1331 and 1343.

3. This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 and the principles of pendant and ancillary jurisdiction.

4. Venue is proper under 28 U.S.C. § 1391(b) because the causes of action upon which the complaint is based arose in the City of Philadelphia, Philadelphia County, Pennsylvania, which is in the Eastern District of Pennsylvania.

### III. Parties

5. Plaintiff, Jonathan D. Williams, is an adult citizen and resident of the Commonwealth of Pennsylvania, residing as captioned.

6. Defendant, City of Philadelphia, is a municipal agency organized under the laws of the Commonwealth of Pennsylvania, with a main office/principal place of business located as captioned.

7. At all relevant times, Defendant City of Philadelphia acted or failed to act by and through its officers, including the individually named officers, then and there acting within the course and scope of their agency, servanthood, and/or employment, under color of state law, and pursuant to the policies, practices, and customs of the City of Philadelphia.

8. Defendant City of Philadelphia is the final policymaker for the Philadelphia Police Department.

9. Defendant, Lt. Michael R. Frisco, was at all relevant times a Lieutenant of the Philadelphia Police Department.

10. At all relevant times, Defendant, Lt. Michael R. Frisco, acted in the course and scope of his employment and under color of state law pursuant to the statutes, regulations, ordinances, rules, practices, policies, and customs of the City of Philadelphia Police Department.

11. Defendants, John/Jane Doe Police Officers 1-10, were at all relevant times police officers employed by the Philadelphia Police Department.

12. At all relevant times, Defendants John/Jane Doe Police Officers 1-10 were acting in the course and scope of their employment and under color of state law pursuant to the regulations, ordinances, rules, practices, policies, and customs of the City of Philadelphia Police Department.

13. Defendants, Lt. Michael R. Frisco and/or John Doe Police Officers 1-10, were supervisors/acting in a supervisory capacity.

IV. **Operative Facts**

14. On Friday, July 15, 2022, at approximately 2:00 a.m., Plaintiff was leaving Charley B's, II bar located at 6402 Stenton Avenue, Philadelphia, PA, with his girlfriend, Charlene Jaucher, and another woman from the bar.

15. After leaving the bar, Plaintiff was standing by the other woman's car when a man came out of the bar and abruptly joined their conversation.

16. Plaintiff and the man who came out the bar began to push and shove each other resulting in police being dispatched to the scene.

17. As Defendants, Lt. Michael R. Frisco and Doe Police Officers 1-10, came to the scene, the other man told Plaintiff that he was going to shoot and kill him.

18. Defendants, Lt. Michael R. Frisco and/or Doe Police Officers 1-10, broke up the fight and then hit Plaintiff approximately 3 times with their baton on his chest, causing him to become injured.

19. Although Plaintiff was fully cooperative, Defendants, Lt. Michael R. Frisco and/or Doe Police Officers 1-10, then tased Plaintiff unnecessarily, causing him to become further injured.

20. Defendants, Lt. Michael R. Frisco and/or Doe Police Officers 1-10, violently handcuffed Plaintiff in a manner unreasonable under the circumstances, causing Plaintiff further injury and suffering.

21. Defendants, Lt. Michael R. Frisco and/or Doe Police Officers 1-10, then aggressively placed Plaintiff into the back of a police van without a seatbelt, causing him further injury as the van was driven.

22. At all relevant times, Defendants Lt. Michael R. Frisco and Doe Police Officers 1-10, interacted with Plaintiff in a threatening, violent, and aggressive manner causing Plaintiff to suffer intense fear and anxiety.

23. By their aforementioned actions, Defendants, City of Philadelphia, Lt. Michael R. Frisco, and John Doe Police Officers 1-10 violated Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to be free from the use of excessive force during the course of their arrest of Plaintiff.

24. Defendant City of Philadelphia and its Police Department maintained a policy, practice, or custom of acquiescing to unconstitutional conduct of police officers under their direction and control, including the conduct of Lt. Michael R. Frisco and Doe Police Officers 1-10, including but not limited to the types of constitutional violations alleged in this complaint.

25. Defendant City of Philadelphia and its Police Department failed to adequately train police officers under their direction and control, including Lt. Michael R. Frisco and Doe Police Officers 1-10, regarding the requirements of the Fourth Amendment.

26. Defendant City of Philadelphia and its Police Department failed to adequately discipline police officers under their direction and control, including Lt. Michael R. Frisco and Doe Police Officers 1-10, for violating the Fourth Amendment, and

more specifically, for violating the Fourth Amendment in the ways alleged in this Complaint.

27. As a direct and proximate result of the aforementioned acts and failures to act of Defendants, Plaintiff suffered physical injuries, humiliation, anguish, and emotional distress and may continue to do so for an indefinite time, to his great detriment and loss.

28. As a direct and proximate result of the aforementioned acts and failures to act of Defendants, Plaintiff has incurred various expenses for medical treatment, which may continue for an indefinite period into the future, to his great detriment and loss.

29. As a direct and proximate result of the aforementioned acts and failures to act of Defendants, Plaintiff has incurred various other expenses, included but not limited to loss of earnings past, present, and/or future, and/or earnings capacity, which may continue for an indefinite period into the future, to his great detriment and loss.

30. As a direct and proximate result of the aforementioned acts and failures to act of Defendants, Plaintiff suffered the physical injuries and/or aggravations thereto, including but not limited to:

    a. Contusions;

    b. Posttraumatic acute bilateral wrist sprain/strain;

    c. Segmental dysfunction in bilateral wrists;

    d. Segmental joint fixation in bilateral wrists;

    e. Palpable edema/swelling in bilateral wrists;

    f. Permanent scarring of the wrist; and

  g.  Ganglion of right wrist.

31. The above injuries required, *inter alia*, right dorsal wrist cyst excision surgery.

32. As a direct and proximate result of the aforementioned acts and failures to act of Defendants, Plaintiff has incurred various expenses for medical treatment, which may continue for an indefinite period into the future, to his great detriment and loss. Expenses to date include, but are not limited to:

  Albert Einstein Hospital
  7/15/22

  Philadelphia MedCare
  Dr. Slowick-West Philly Office
  08/25/22-08/08/23       $10,475.00

  Dr Grossinger-Eddystone
  03/28/23, 10/11/23 & 3/27/24    $1,450.00

  Penn Medicine -Dr. Bozentka
  2/7/24            $2,939.00

  Northwest Medical-Dr. Nelson
  02/21/24-Present

             + _____

  PARTIAL TOTAL:      $14,864.00

33. As a direct and proximate result of the aforementioned acts and failures to act of Defendants, Plaintiff has incurred various other expenses, which may continue for an indefinite period into the future, to his great detriment and loss.

**COUNT I – 42 U.S.C. § 1983**
**FOURTH AND FOURTEENTH AMENDMENTS—EXCESSIVE FORCE**
**JONATHAN WILLIAMS V. LT. MICHAEL R. FRISCO AND JOHN/JANE DOE POLICE OFFICERS 1-10**

34. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

35. Defendants, Lt. Michael R. Frisco and Doe Police Officers 1-10, uses of force against Plaintiff, including but not limited to grabbing him, striking Plaintiff in the chest, tasing him, and aggressively placing Plaintiff in unnecessarily tight handcuffs, were unreasonable given the circumstances.

36. Plaintiff was behaving cooperatively and peaceably, reasonably under the circumstances, and not in any way that would have given Defendants reasonable suspicion to believe he was armed and dangerous.

37. Regardless, Defendants, Lt. Michael R. Frisco and Doe Police Officers 1-10, forcibly and unnecessary struck Plaintiff with the baton, tasing him, and aggressively handcuffed Plaintiff in such a manner as to cause him injury.

38. The above-described acts and failures to act of Defendants, Lt. Michael R. Frisco and John Doe Police Officers 1-10, violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, the laws of the United States and of the Commonwealth of Pennsylvania, and were in violation of 42 U.S.C. § 1983.

39. The above-described acts and failures to act of Defendants, Lt. Michael R. Frisco and Doe Police Officers 1-10, were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against Defendants, Lt. Michael R. Frisco and John/Jane Doe Police Officers 1-10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others

similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

## COUNT II – 42 U.S.C. § 1983
### SUPERVISORY LIABILITY
### JONATHAN WILLIAMS V. LT. MICHAEL R. FRISCO AND JOHN/JANE DOE POLICE OFFICERS 1-10

40. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

41. Defendants, Lt. Michael R. Frisco and Doe Police Officers 1-10, were high-ranking employees of the Philadelphia Police Department at the scene of the above-described incident.

42. Defendants, Lt. Michael R. Frisco and Doe Police Officers 1-10, were supervisors of Defendants Doe Police Officers 1-10.

43. Defendants, Lt. Michael R. Frisco and Doe Police Officers 1-10, were present for the above-described incident and had actual knowledge of the violations of Plaintiff's constitutional rights.

44. Defendants, Lt. Michael R. Frisco and/or Doe Police Officers 1-10, directed Defendants Doe 1-10 to take the actions described above that violated Plaintiff's constitutional rights, participated in said violations, condoned said violations, and/or acquiesced to said violations.

45. The acts and failures to act of Defendants, Lt. Michael R. Frisco and Doe Police Officers 1-10, were so malicious, intentional, reckless, and/or recklessly indifferent to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory and punitive damages against Defendants, Lt. Michael R. Frisco and

John/Jane Doe Police Officers 1-10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT III – 42 U.S.C. § 1983
### *MONELL* CLAIM
### JONATHAN WILLIAMS V. CITY OF PHILADELPHIA

46. All preceding paragraphs are incorporated by reference as if fully set-forth herein.

47. Defendant City of Philadelphia is the final policymaker for the City of Philadelphia Police Department.

48. Plaintiff believes and therefore avers that Defendant City of Philadelphia has adopted and maintained inadequate training and policies, practices, and customs for law enforcement officers, including the individually named Defendants, regarding constitutional restraints on the use of force, which policy violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the Constitution of the Commonwealth of Pennsylvania, the laws of the United States and of the Commonwealth of Pennsylvania and is in violation of 42 U.S.C. §1983.

49. The failure of Defendant City of Philadelphia to adopt adequate policies, practices, and customs and provide adequate training to their law enforcement officers regarding the requirements for the use of force was deliberately indifferent to the constitutional rights of its citizens, and was the proximate cause of Plaintiff's injuries.

50. The need for Defendant City of Philadelphia to train, supervise, discipline its law enforcement officers and/or to adopt or enforce a use of force policy, practice, or custom is obvious.

51. Plaintiff believes and therefore avers that Defendant City of Philadelphia has adopted and maintained for years a recognized and accepted policy, practice, and custom of condoning and/or acquiescing to law enforcement officers, including the individually named Defendants, of using excessive force when conducting arrests, including the arrest of Plaintiff, including, but not limited, unconstitutional use of a taser and baton, and tightening handcuff to the point of causing scarring and injury.

52. Plaintiff believes and therefore avers that Defendant City of Philadelphia has systematically failed to discipline law enforcement officers, including the individually named Defendants, for using unconstitutional force and failing to correct subordinate officers on using unconstitutional force.

53. Plaintiff believes and therefore avers that Defendant City of has adopted and maintained inadequate training for law enforcement officers, including the individually named Defendants, on using unnecessary and unconstitutional force during the course of an arrest, despite individuals, such as Plaintiff, fully cooperating with the officers' commands during the course of the arrest.

54. Plaintiff believes and therefore avers that Defendant City of Philadelphia has adopted and maintained for years a recognized and accepted policy, practice, and custom of condoning and/or acquiescing to law enforcement officers, including the individually named Defendants, use of unconstitutional force, like Plaintiff, during an arrest. Said policy, custom, and/or practice violates the Fourth Amendment as applied to the States through the Fourteenth Amendment of

Constitution of the United States, the Laws of the United States, and of the Commonwealth of Pennsylvania.

55. Plaintiff believes that Defendant City of Philadelphia has failed to adequately train their law enforcement officer in the constitutional limits on the use of force on during the execution of an arrest and that this failure constituted deliberate indifference to the constitutional rights of its citizens and was the proximate cause of the injuries to the Plaintiff.

56. Plaintiff believes and therefore avers that Defendant City of Philadelphia has systematically failed to discipline law enforcement officers, including the individually named Defendants, for unconstitutionally using excessive force on individuals, like Plaintiff, during the execution of an arrest. This failure violates the Fourth Amendment as applied to the States through the Fourteenth Amendment of Constitution of the United States, the Laws of the United States, and of the Commonwealth of Pennsylvania.

57. Plaintiff believes and therefore avers that Defendant City of Philadelphia has been deliberately indifferent to the rights of citizens of the City of Philadelphia, Pennsylvania, to be free from police officers using excessive force, and said indifference violates Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

58. Plaintiff believes and therefore avers that Defendant City of Philadelphia was aware of the aforementioned policies, practices, and customs, for a substantial period of time, and despite that knowledge, failed to take steps to terminate said practices, failed to properly supervise or discipline officers, including the individually named Defendants, failed to effectively train law enforcement officers with regard to the legal limits on their authority, and instead sanctioned,

acquiesced, and/or were deliberately indifferent to the policies, practices, and customs that violated the constitutional rights of individuals such as Plaintiff.

59. Plaintiff believes and therefore avers that Defendant City of Philadelphia knew or should have known of the aforementioned policies, practices, and customs, as well as the inadequate training, and discipline of law enforcement officials of the Philadelphia Sheriff's Office and/or City of Philadelphia Police Department, including the individually named Defendants, and deliberately, intentionally, and knowingly failed to take steps to terminate or limit said policies, practices, and customs, including but not limited to:

   a. Failure to provide adequate training, supervision, and discipline to officers regarding use of force;

   b. Failure to provide adequate training, supervision, and discipline to officers regarding properly handcuffing citizens;

   c. Failure to provide adequate training, supervision, and discipline to officers regarding obtaining facts and inferring from the circumstances when investigating a disturbance;

   d. Failure to provide adequate training, and discipline to officers regarding how to properly restrain persons while investigating a disturbance;

   e. Failure to provide adequate training, supervision, and discipline to officers regarding the proper limit on the use of force on persons who are suspected of committing a crime;

   f. Failure to provide clear, concise, and appropriate guidance, including directives, on the aforementioned constitutional obligations of law enforcement officers;

   g. Failure to conduct systematic and complete internal affairs investigations and commanding officers' investigations resulting in appropriate and documented corrective actions at all levels of the Philadelphia Police Department and Philadelphia Sheriff's Office;

   h. Failure to prevent Plaintiff from being injured and violating Plaintiff's constitutional rights by members of the Philadelphia Police Department and Philadelphia Sheriff's Office where Defendants knew or should have known of the dangerous propensities of said

      members and the systemic problem of police abuses in the departments;

    i. Failure to restrain the use of excessive force by members of law enforcement agencies;

    j. Failure to properly test, train, and/or select its officers with regards to proper use of force; and

    k. Otherwise acting without due regard for the rights, safety, and position of Plaintiff in accordance with his constitutional rights.

60. The aforementioned policies, practices, customs, and/or deliberate indifference of Defendant City of Philadelphia were the proximate cause of the Plaintiff's injuries and losses and the violation of his constitutional rights.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, Plaintiff demands compensatory damages against Defendant City of Philadelphia in an amount sufficient to fully and adequately compensate Plaintiff, plus interest, costs, attorney's fees, and all other appropriate relief.

### COUNT IV – PENNSYLVANIA COMMON LAW
### ASSAULT AND BATTERY
### JONATHAN WILLIAMS V. LT. MICHAEL R. FRISCO AND JOHN/JANE DOE POLICE OFFICERS 1-10

61. All preceding paragraphs are fully incorporated herein by reference.

62. The above-described actions of Defendants, Lt. Michael R. Frisco and Doe Police Officers 1-10, constituted an unnecessary and excessive use of force to carry out Defendants' law enforcement duties.

63. The above-described actions of Defendants, Lt. Michael R. Frisco and Doe Police Officers 1-10, put Plaintiff in reasonable fear of imminent bodily harm and resulted in Plaintiff being unlawfully and improperly touched, assaulted, battered, and abused against his will.

64. The above-described actions were so malicious, intentional, gross, wanton, and reckless and displayed such a reckless indifference to Plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to Pennsylvania common law, Plaintiff demands compensatory and punitive damages against Defendants, Lt. Michael R. Frisco and John/Jane Doe Police Officers 1-10, jointly and/or severally, in an amount sufficient to fully and adequately compensate Plaintiff, punish Defendants, and deter Defendants and others similarly situated to Defendants, plus interest, costs, attorney's fees, and all other appropriate relief.

July 15, 2024                    /s/      *Jason Parris*
                                 Jason E. Parris, Esq.
                                 PA ID No. 312363
                                 jparris@adlawfirm.com

                                 Abramson & Denenberg, P.C.
                                 1315 Walnut Street, Suite 500
                                 Philadelphia, PA 19107
                                 (215) 546-1345
                                 *Counsel for Plaintiff*