## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jonathan Williams, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No. 24-3068 |
| v. | : | |
| | : | |
| City of Philadelphia, et al., | : | |
| Defendants. | : | |

## MEMORANDUM

Plaintiff Jonathan Williams brings suit against Defendants the City of Philadelphia, Lieutenant Michael Frisco, and Officers Jane/John Doe 1-10, alleging violations of federal and state law stemming from his arrest in July 2022. Defendants move to dismiss all four of Williams' claims under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court will grant Defendants' motion in part and deny it in part.

## I.    BACKGROUND[1]

In the early morning hours of July 15, 2022, Lieutenant Michael Frisco and Officers Jane/John Doe 1-10 (the "Doe Officers") were called to break up a shoving match between Jonathan Williams and an unknown aggressor outside of Charley B II's Bar. Williams was cooperative. Nonetheless, Frisco and/or the Doe Officers proceeded to (1) beat him with a baton; (2) tase him; (3) violently and tightly handcuff him; (4) ignore his immediate and repeated complaints of pain; (5) lift him off the ground by his handcuffs; (6) place him in the back of the police car without a seatbelt; and (7) leave him handcuffed, despite his protestations, for

---

[1] The Court has federal question jurisdiction over Counts I, II, and III (Williams' § 1983 claims) and supplemental jurisdiction over Count IV (Williams' state law claims). 28 U.S.C. §§ 1331, 1367. For purposes of addressing Defendants' Motion to Dismiss, the Court accepts all factual allegations in the Amended Complaint as true. *Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 105 (3d Cir. 2018).

approximately 30 minutes.  As a result, Williams suffered injuries to his wrist—severe enough that he had to get surgery—and has incurred at least $14,800.00 in medical expenses to date.  Williams was also charged with disorderly conduct based on information supplied by Frisco and the Doe Officers, but the charge was ultimately dropped.  *See* Am. Compl. ¶¶ 14-41, ECF No. 7.

On July 15, 2024, Williams sued Frisco, the Doe Officers, and the City of Philadelphia, alleging violations of 42 U.S.C. § 1983 and Pennsylvania law stemming from his arrest in July 2022.  In his Amended Complaint, Williams asserts three claims against Frisco and the Doe Officers in their individual capacities: (1) excessive force (Count I); (2) supervisory liability (Count II); and (3) state law assault and battery (Count IV).  *See id.* ¶¶ 41-47, 48-53, 70-73. Williams also asserts a *Monell* claim (Count III) against the City.  *Id.* ¶¶ 54-69.  Defendants move to dismiss all four claims under Federal Rule of Procedure 12(b)(6).  *See* Mot. to Dismiss, ECF No. 9.

## II.     LEGAL STANDARD

To survive dismissal, a complaint must allege facts sufficient to "raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.* (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

## III.     DISCUSSION

### A.     Excessive Force and Assault and Battery (Counts I and IV)

Williams brings Fourth Amendment excessive force and common law assault and battery claims against Frisco and the Doe Officers. *See* Am. Compl. ¶¶ 42-47 (Count I, excessive force), 70-73 (Count IV, assault and battery). Defendants argue that both claims fail because the Amended Complaint fails to state "with sufficient specificity which Defendant performed [each act]" of allegedly excessive force. Mot. to Dismiss 4-5, 7.

"To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004). The same is true for a claim of assault and battery under Pennsylvania law. *Boyden v. Twp. of Upper Darby*, 5 F. Supp. 3d 731, 743 (E.D. Pa. 2014).

Taking the facts pleaded in the Amended Complaint as true, Frisco and/or one of the Doe Officers beat, tased, and then placed excessively tight handcuffs on Williams. Am. Compl. ¶¶ 20-23. They ignored Williams' immediate complaints of pain and repeated requests to loosen the handcuffs, and instead, (1) used the handcuffs to lift Williams off the ground and place him into the back of a police van without a seatbelt, and (2) left the handcuffs on for approximately 30 minutes. *Id.* ¶¶ 24-27.[2] As a result, Williams incurred serious damage to his wrist. *Id.* ¶¶ 35-41. The Amended Complaint thus adequately alleges claims of excessive force and assault and battery. *See Kopec*, 361 F.3d at 776-78; *Boyden*, 5 F. Supp. 3d at 744 (plaintiff "has stated a claim for the use of excessive force, and so he has also stated a claim for assault and battery"). The Court declines to fault Williams for failing to catch each and every Defendant's name in the midst of being beaten, tased, and handcuffed. *See Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 201 n.5 (3d Cir. 2001) ("It is certainly not uncommon for victims of civil rights violations (e.g.,

---

[2] Nothing in the Amended Complaint suggests that the officers were "in the midst of a dangerous situation involving a serious crime . . . or other imperative matters" such that their failure to respond to Williams' entreaties would be justified. *Kopec*, 361 F.3d at 777.

an assault by a police officer . . .) to be unaware of the identity of the person or persons who violated those rights . . . There seems to be no good reason to disadvantage plaintiffs . . . simply because . . . they were not able to see the name tag of the offending state actor."); *see also Stringer v. Cnty. of Bucks*, No. 23-1373, 2025 WL 1701775, at *7 (3d Cir. June 18, 2025) (affirming denial of motion to dismiss excessive force claim where complaint "allege[d] that *all* Defendants either authorized or engaged in conduct that amounted to excessive force") (emphasis in original). Discovery will allow him to connect the dots about which Defendant did what on the night in question. The Court will therefore deny Defendants' motion as to Counts I and IV.

### B.    Supervisory Liability (Count II)

Williams also brings a supervisory liability claim against Frisco and the Doe Officers. *See* Am. Compl. ¶¶ 48-53. Defendants contend it must be dismissed because "it rests entirely" on conclusory allegations. Mot. to Dismiss 5-7.

A "supervisor" may be personally liable for unconstitutional acts taken by subordinates if he or she (1) participated in violating a plaintiff's rights; (2) directed others to violate them; or (3) as the person in charge, had knowledge of and acquiesced in subordinates' violations. *Baker v. Monroe Tp.*, 50 F.3d 1186, 1190-91. "[M]ere restatements" of the elements of a supervisory liability claim "are not entitled to the assumption of truth." *Santiago v. Warminster Tp.*, 629 F.3d 121, 132 (3d Cir. 2010). Rather, to survive a motion to dismiss, a supervisory liability claim must be "plausible in light of [] non-conclusory factual allegations." *Id*. Generalized allegations that a supervisory defendant is "in charge" are insufficient to allege personal involvement in an underlying constitutional violation. *Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (per curiam)); *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005) (director cannot be held liable "simply because of his position as the head of the [agency].").

The Amended Complaint alleges that "Frisco and/or [the Doe Officers] were the direct supervisors of the other police personnel on the scene." Am. Compl. ¶ 50. It also alleges that Frisco and/or the Doe Officers (1) "directed" other officers to violate Williams' rights; and (2) "participated in[,] condoned[,] and/or acquiesced to said violations." *Id.* ¶¶ 51-52. These are "mere restatements" of the elements of a supervisory liability claim and are therefore "not entitled to the assumption of truth." *Santiago*, 629 F.3d at 132. The Amended Complaint otherwise lacks any non-conclusory factual allegations as to (1) *which* of the Defendants were acting in a supervisory capacity on the night in question; and (2) *how* those particular Defendants directed, participated in, condoned, and/or acquiesced to the use of excessive force. Without more, the Court cannot conclude that Williams' supervisory liability claim is plausible and will therefore dismiss Count II of the Amended Complaint.

However, because these deficiencies are factual and curative amendment is conceivable, the Court will dismiss Count II without prejudice and grant Williams 21 days' leave to amend if appropriate. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) ("In civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile.") Fed. R. Civ. 15(a)(2) (courts should "freely give leave when justice so requires").

**C.    *Monell* (Count III)**

Williams brings a *Monell* claim against the City of Philadelphia, alleging both "policy or

custom"[3] and "failure to train, discipline, or supervise"[4] theories of municipal liability. Am. Compl. ¶¶ 54-69. Defendants contend that Williams did not plead enough facts to support his claim under either theory. *See* Mot. to Dismiss 7-11.

First, Williams alleges that (1) the City had a policy or custom of condoning or acquiescing to officers using excessively tight handcuffs when making arrests, and (2) this policy or custom is what led to his alleged injury. Am. Compl. ¶¶ 57-59. "A plaintiff is not obligated to plead with special particularity the exact policies and practices that were in place, prior to taking any discovery into the alleged policies, and explain exactly how these precisely alleged policies caused or contributed to [an individual's] injuries." *Reed v. City of Philadelphia*, 2021 WL 2529915, at *3 (E.D. Pa. June 17, 2021) (internal citation omitted). Given the early stage of the proceedings, the Court concludes Williams' allegations are sufficiently specific to state a *Monell* "policy or custom" claim. *See id.; see also Gorman v. Warwick Twp.*, 2011 WL 1235198, at *6 (E.D. Pa. Apr. 1, 2011) (declining to dismiss *Monell* claim predicated on alleged policy or custom of using excessive force in arrests to proceed despite "somewhat conclusory" allegations).

Second, Williams alleges that the City failed to train, investigate, and discipline its officers

---

[3] To succeed under a "policy or custom" theory, a plaintiff must point to "an official proclamation, policy or edict by a decisionmaker possessing final authority to establish municipal policy on the relevant subject," or a practice "so well-settled and permanent as to virtually constitute law." *Forrest v. Parry*, 930 F.3d 93, 105-06 (3d Cir. 2019); *see also Fletcher v. O'Donnell*, 867 F.2d 791, 794 (3d Cir. 1989) ("Custom may be established by proof of knowledge and acquiescence."). In a case involving an alleged custom, a plaintiff need not identify a decisionmaker by name; rather, the custom can be "ascribable to municipal decisionmakers." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990). Even still, a plaintiff "must demonstrate a plausible nexus or affirmative link between the municipality's custom and the specific deprivation of constitutional rights at issue." *Id.* (internal quotation marks omitted).

[4] To succeed on a "failure to train, discipline, or supervise" theory, a plaintiff must show that the failure "amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). To plead "deliberate indifference," a plaintiff must show "(1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Forrest*, 930 F.3d at 106. "Deliberate indifference" is most often shown through a pattern of violations; however, it may also be shown through a single violation that is "a highly predictable consequence of a failure to equip law enforcement officers with specific tools to handle recurring situations." *Berg v. Cnty. of Allegheny*, 219 F.3d 261, 276 (3d Cir. 2000) (quoting *Canton*, 489 U.S. at 409) (reversing grant of summary judgment on *Monell* claim based single violation); *see also Thomas v. Cumberland Cnty.*, 749 F.3d 217, 223–24 (3d Cir. 2014) (same).

regarding the appropriate use of force during arrests, including through use of handcuffs.  *Id.* ¶¶ 58-59.  As evidence of this failure, Williams cites three cases in which Philadelphia police officers were sued for their use of excessively tight handcuffs during arrests.  *Id.* ¶ 68.[5]  While these cites may not establish a pattern of violations as a matter of law,[6]  they plausibly suggest that Williams' injury was a "highly predictable consequence" of the City's failure to train or discipline officers regarding the appropriate use of force for purposes of establishing single-incident liability. *Thomas*, 749 F.3d at 2245.  Again, given the early stage of the proceedings, the Court concludes that Williams has adequately alleged a *Monell* "failure to train" claim.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part Defendants' motion to dismiss.  A separate order will issue.


s/ANITA B. BRODY, J.
ANITA B. BRODY, J.
June 25, 2025

---

[5] Williams' Amended Complaint cites four cases, but only three raised excessive force claims predicated on the use of overly tight handcuffs: *Mounshar v. City of Philadelphia*, No. 15-CV-4168, *Lowe v. City of Philadelphia*, No. 18-CV-223, and *Mungia v. City of Philadelphia*, No. 18-CV-2634.

[6] Defendants are correct that none of these cases resulted in "a judgment or finding entered against the City."  Mot. to Dismiss 11.  *See Mounshar v. City of Philadelphia*, 2016 WL 3997057, at *5-7 (E.D. Pa. July 26, 2016) (denying defendants' motion for summary judgment on excessive force and *Monell* claims); *Lowe v. City of Philadelphia*, 2018 WL 6044856, at *1 (E.D. Pa. Nov. 19, 2018) ("regrettably" granting motion to dismiss on statute of limitations grounds, but observing that plaintiffs' "allegations—that they sustained serious injuries from the encounter and that all charges against them were ultimately withdrawn—set out a strong preliminary case."); Stipulation and Order, Dkt. No. 28, *Mungia v. City of Philadelphia*, No. 18-CV-2634 (Mar. 5, 2019) (order approving stipulated withdrawal of claims against the City of Philadelphia).  Defendants are likewise correct that none of these cases appear to have involved Frisco. Mot. to Dismiss 11.  However, given that Doe Officers identities understandably remain out of Williams' reach without discovery, it cannot be said that none of these cases involved them.